IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OFARIZONA

| | |
|---|---|
| Ling Hui Yang,<br><br>    Petitioner,<br><br>vs.<br><br>Kip Crowler, et al.,<br><br>    Respondents. | No. CV-08-2146-PHX-SRB (LOA)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, who is represented by counsel, has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, docket # 12, asserting that her continued detention by the Department of Homeland Security is unlawful. Petitioner seeks release from custody. Respondents have filed a Suggestion of Mootness, asserting that this matter is moot because Petitioner was released on August 7, 2009. (docket # 23)

**I. Background**

Petitioner is a native and citizen of China. On November 1, 2007, Petitioner was apprehended by Immigration and Customs Enforcement ("ICE") officers when she attempted to enter the United States without inspection. Petitioner was placed in custody in Florence, Arizona, where she was detained until August 7, 2009. After Petitioner expressed a fear of persecution if she were removed to China, she was interviewed by an Asylum Pre-screening Officer ("APSO"). On November 14, 2007, the APSO found that Petitioner did not have a credible fear of persecution in China and ordered her removed from the United States under the expedited removal statute, 8 U.S.C. §

1225(b)(1)(B)(iii)(I). On November 27, 2007, an Immigration Judge ("IJ") affirmed the APSO's determination.

On January 29, 2008, the IJ denied Petitioner's motion to reopen for lack of jurisdiction. On April 14, 2008, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal for lack of jurisdiction. On October 6, 2008, the United States Court of Appeals for the Ninth Circuit dismissed Petitioner's petition for review for lack of jurisdiction. On October 30, 2008, the Ninth Circuit issued its mandate and on November 12, 2008, it denied Petitioner's motion to recall the mandate.

Thereafter, Petitioner filed a Petition for Writ of Habeas Corpus which this Court dismissed with leave to amend.[1] (dockets # 1, # 10) On March 3, 2009, Petitioner filed an Amended Petition for Writ of Habeas Corpus asserting that, because she lacks travel documents, China will not accept her if she is returned there. Relying on *Clark v. Martinez*, 543 U.S. 371 (2005) (stating that when there is no reasonable likelihood that a foreign government will accept an inadmissible alien's return in the reasonably foreseeable future, DHS may not detain the alien for more than the presumptively reasonable period of six months), Petitioner claims that her lengthy detention pursuant to 8 U.S.C. § 1231 has become unlawful. Petitioner seeks immediate release from custody.

**II. Analysis**

As previously stated, Petitioner seeks release from custody on the ground that her lengthy detention pursuant to 8 U.S.C. § 1231 (or 8 U.S.C. § 1225(b)(1)(B)(iii)(iv)) has become unlawful. (docket # 12) After Petitioner filed her Amended Petition, on August 7, 2009, she was released under an Order of Supervision. (docket # 23, docket # 23-1)

---

[1] In her Original Complaint, Petitioner challenged her § 1225(e) expedited removal order and also claimed that she is entitled to relief under the United Nations Convention Against Torture. (docket # 1) Because the Court previously dismissed those claims, see docket # 10, the Court will not revisit those claims to the extent they are asserted in the Amended Petition.

Because Petitioner has been released from custody, she has been awarded the relief she was seeking in her § 2241 petition.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 395 (1980); *see also PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). An actual case or controversy must exist at all stages of judicial review. *Ortez v. Chandler*, 845 F.2d 573, 574-575 (5th Cir. 1988) (holding that no case or controversy existed where movant, who challenged his bond determination, had been deported because the relief he requested — reduction of his bond — could no longer be effected.) This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Geraghty*, 445 U.S. at 395. This Court lacks jurisdiction to review moot issues. *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (stating that "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies."). A moot action is not subject to a judicial resolution. An action is moot when the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir.1989).

Here, Petitioner challenges her detention by DHS and seeks release from custody. In view of Petitioner's release from custody, the relief she requests — release from custody — can no longer be effected. Therefore, no "case or controversy" remains and the Petition is moot. *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed.); *American Rivers v. National Marine Fisheries Services*, 126 F.3d 1118, 1123 (9th Cir. 1997) (stating that "[a] claim is moot if it has lost its character as a present, live controversy.")(citation

omitted); *Xie v. Schiltgen*, No. C 99-4150 VRW, 2001 WL 637409, * 1 (N.D. Cal., May 24, 2001).

Accordingly,

**IT IS HEREBY RECOMMENDED** Petitioner's Amended Petition for Writ of Habeas Corpus (docket # 12) be **DENIED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 27th day of August, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge